# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD

**DAVID D. HOPKINS,**

       **Petitioner,**

v.                                                                            Case No. 1:15-cv-16492

**BARBARA RICKARD, Warden,**
**FCI McDowell,**[1]

       **Respondent.**

## PROPOSED FINDINGINS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed the instant petition, the petitioner was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving a 180-term of imprisonment imposed by the United States District Court for the Eastern District of Tennessee for being a felon in possession of a firearm and ammunition. (ECF No. 1 at 1; *see also United States v. Hopkins*, No. 3:11-cr-00047-TAV-HBG-1, ECG No. 25). The

---

[1] Although the petitioner has now been released from custody, the proper respondent in a habeas corpus matter is the petitioner's custodian where he filed the petition. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

petitioner previously filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied as untimely by the United States District Court for the Eastern District of Tennessee on April 10, 2014. (*Id.*, ECF Nos. 37 and 38).

The petitioner then filed the instant section 2241 petition in this court on December 28, 2015. The instant petition challenges the enhancement of the petitioner's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), relying on the Supreme Court's recent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Johnson v. United States*, 135 S. Ct. 2551 (2015) and further raises a claim of ineffective assistance of counsel concerning the same enhancement.

However, on October 20, 2016, the petitioner was authorized by the United States Court of Appeals for the Sixth Circuit to file a second or successive section 2255 motion in his court of conviction to challenge his sentence in light of *Johnson*. (*Id.*, ECF Nos. 40 and 41). On August 28, 2017, the United States District Court for the Eastern District of Tennessee granted the petitioner's second or successive section 2255 motion based upon the decision in *Johnson* and reduced the petitioner's sentence to time served, followed by a three-year term of supervised release. (*Id.*, ECF No. 49). An Amended Judgment to that effect was entered on August 28, 2017 (ECF No. 50), and the petitioner was released from custody on September 6, 2017.

Because the relief sought in the instant section 2241 petition was granted by the petitioner's court of conviction under section 2255, the section 2241 petition is now moot and this court lacks jurisdiction to provide him any relief.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  When a case or controversy no longer exists, the claim is said to be "moot."  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

As noted above, the petitioner has been granted the relief sought in his court of conviction and he has been released from BOP custody; thus, this federal court is no longer able to grant his requested relief.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot and must be dismissed.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules

1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at his last known address.

June 11, 2018

Dwane L. Tinsley
United States Magistrate Judge

4